1  McGREGOR W. SCOTT
   United States Attorney
2  LAUREL J. MONTOYA
   Assistant United States Attorney
3  Robert E. Coyle Federal Courthouse
   2500 Tulare Street
4  Fresno, CA 93721
   (559) 497-4000
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  1:18-CR-00197-DAD-BAM

12                          Plaintiff,       AMENDED STIPULATION REGARDING
                                             EXCLUDABLE TIME PERIODS UNDER SPEEDY
13                 v.                        TRIAL ACT; AND ORDER

14  JUAN AUGUSTIN SANTIAGO                   DATE: August 24, 2020
    BENTANZOS,                               TIME: 1 p.m.
15                                           COURT: Hon. Barbara A. McAuliffe

16                          Defendant.

17

18         This case is set for status conference on August 24, 2020.  On May 13, 2020, this Court issued

19  General Order 618, which suspends all jury trials in the Eastern District of California until further

20  notice.  This General Order was entered to address public health concerns related to COVID-19.

21  Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18

22  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

23  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

24  May 1, 2020.[1]

25         Although the General Order addresses the district-wide health concern, the Supreme Court has

26  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27  _____

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME                 1
    PERIODS UNDER SPEEDY TRIAL ACT

openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D.

1  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2  pretrial continuance must be "specifically limited in time").

3  **STIPULATION**

4     Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5  through defendant's counsel of record, hereby stipulate as follows:

6     1.  By previous order, this matter was set for status on August 24, 2020.

7     2.  By this stipulation, defendant now moves to continue the status conference until

8  September 28, 2020, and to exclude time between August 24, 2020, and September 28, 2020, under

9  Local Code T4.

10     3.  The parties agree and stipulate, and request that the Court find the following:

11       a)  The government has represented that the discovery associated with this case has

12  been either produced directly to counsel and/or made available for inspection and copying.

13       b)  A plea agreement has been provided to the defendant and negotiations are

14  ongoing.

15       c)  Counsel for defendant desires additional time to consult with his client and

16  discuss the plea agreement.

17       d)  Counsel for defendant believes that failure to grant the above-requested

18  continuance would deny him/her the reasonable time necessary for effective preparation, taking

19  into account the exercise of due diligence.

20       e)  The government does not object to the continuance.

21       f)  In addition to the public health concerns cited by General Orders 611, 612, 617,

22  618, and 620, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is

23  particularly apt in this case because Counsel or other relevant individuals have been encouraged

24  to telework and minimize personal contact to the greatest extent possible.  It will be difficult to

25  avoid personal contact should the hearing proceed.

26       g)  Based on the above-stated findings, the ends of justice served by continuing the

27  _____

28  Cal. March 18, 2020).

1   case as requested outweigh the interest of the public and the defendant in a trial within the

2   original date prescribed by the Speedy Trial Act.

3           h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

4   et seq., within which trial must commence, the time period of August 24, 2020 to September 28,

5   2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

6   T4] because it results from a continuance granted by the Court at defendant's request on the basis

7   of the Court's finding that the ends of justice served by taking such action outweigh the best

8   interest of the public and the defendant in a speedy trial.

9           4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

10  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

11  must commence.

12          IT IS SO STIPULATED.

13

14  Dated:  August 19, 2020                          MCGREGOR W. SCOTT
                                                     United States Attorney

15

16                                                    /s/ LAUREL J. MONTOYA
                                                     LAUREL J. MONTOYA

17                                                   Assistant United States Attorney

18

19  Dated:  August 19, 2020                           /s/ JOEL M. MURILLO
                                                     JOEL M. MURILLO

20                                                   Counsel for Defendant
                                                     JUAN AUGUSTIN SANTIAGO

21                                                   BENTANZOS

22

23

24

25

26

27

28

1

2                                    **<u>ORDER</u>**

3           IT IS SO ORDERED that the Status Conference is continued from August 24, 2020, to **September**

4  **28, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to

5  18 U.S.C.§ 3161(h)(7)(A), B(iv).

6

7  IT IS SO ORDERED.

8     Dated:   **August 19, 2020**                    /s/ *Barbara A. McAuliffe*

9                                             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28