McGREGOR W. SCOTT
United States Attorney
LAUREL J. MONTOYA
Assistant United States Attorney
Robert E. Coyle Federal Courthouse
2500 Tulare Street
Fresno, CA 93721
(559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:18-CR-00197-DAD-BAM |
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| JUAN AUGUSTIN SANTIAGO BENTANZOS, | DATE: September 28, 2020 TIME: 1 p.m. COURT: Hon. Barbara A. McAuliffe |
| Defendant. | |

This case is set for status conference on September 28, 2020.  The parties submit the join status report:

## I.       JOINT STATUS REPORT

1.  Defense counsel has advised the government that the defendant has signed a plea agreement;

2.  The government needs time to receive the plea agreement and process it for filing;

3.  The parties are seeking to set the matter for a change of plea before the Honorable Dale A. Drozd on October 26, 2020 at 10:00 a.m.  The government has cleared this date with Jami Thorp, Courtroom Deputy to Judge Drozd.  An alternative date is October 27, 2020 has been discussed however it depends on if matters are being heard in court as opposed to via Zoom;

4. The parties are requesting that the status conference currently set for September 28, 2020 be vacated in light of a calendaring of a change of plea hearing.

## II.     TIME EXCLUSION

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2020.[1]

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

2  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

3  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

4  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

5  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

6  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

7  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

8  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

9  by the statutory rules.

10       In light of the societal context created by the foregoing, this Court should consider the following

11  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

12  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

13  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

14  pretrial continuance must be "specifically limited in time").

15                          **III.    STIPULATION**

16       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

17  through defendant's counsel of record, hereby stipulate as follows:

18       1.    By previous order, this matter was set for status on September 28, 2020.

19       2.    By this stipulation, defendant now moves to continue  the matter for change of plea on

20  October 26, 2020, and to exclude time between September 28, 2020, and October 26, 2020, under Local

21  Code T4.

22            a)    Counsel for defendant believes that failure to grant the above-requested

23       continuance would deny him/her the reasonable time necessary for effective preparation, taking

24       into account the exercise of due diligence.

25            b)    The government does not object to the continuance.

26

27       [2] The parties note that General Order 612 acknowledges that a district judge may make
    "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
28  Cal. March 18, 2020).

c)     In addition to the public health concerns cited by General Orders 611, 612, 617, 618, and 620, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

d)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

e)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 28, 2020 to October 26, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  September 18, 2020                 McGREGOR W. SCOTT
                                          United States Attorney


                                          /s/ LAUREL J. MONTOYA
                                          LAUREL J. MONTOYA
                                          Assistant United States Attorney


Dated:  September 18, 2020                 /s/ JOEL M. MURILLO
                                          JOEL M. MURILLO
                                          Counsel for Defendant
                                          JUAN AUGUSTIN SANTIAGO
                                          BENTANZOS

1

### ORDER

2      IT IS SO ORDERED that the status conference set on September 28, 2020 be VACATED. A

3 change of plea hearing is set for **October 26, 2020, at 10:00 a.m. before District Judge Dale A. Drozd.**

4 Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

5

6

IT IS SO ORDERED.

7

8      Dated:   **September 24, 2020**          /s/ *Barbara A. McAuliffe*

9                                  UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28